**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. 25-00549-CV-W-BP |
| FORTY-SEVEN (47) PIT BULL-TYPE DOGS, | |
| Defendants. | |

**MOTION FOR DEFAULT JUDGMENT OF FORFEITURE,
WITH SUPPORTING SUGGESTIONS**

The United States of America, by and through the United States Attorney for the Western District of Missouri, moves this Court, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, for entry of a default judgment of forfeiture against the defendant Forty-Seven Pit Bull-Type Dogs.

This motion is supported by the Complaint for Forfeiture *in Rem*, the Order Granting Motion for Entry of Default filed on November 4, 2025, and the following supporting suggestions. A proposed default judgment of forfeiture is submitted with this motion.

**Supporting Suggestions**

Rule G(5) of the Supplemental Rules For Admiralty and Maritime Claims and Asset Forfeiture Actions sets forth the requirements for responsive pleadings in civil forfeiture actions. First, any person who asserts an interest in the defendant property must file a claim that complies with the procedural requirements set forth in Rule G(5)(a). Any claimant must also serve and file an answer to the complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. Supp. R. Civ. P. G(5)(b).

In the absence of any claim that satisfies the procedural requirements set forth in Rule G(5), the United States is entitled to a default judgment. *United States v. One Parcel of Property,* 51 F.3d 117 (8th Cir. 1995) (default judgment entered because no timely claim filed); *United States v. $5,548.00 in United States Currency,* 2014 WL 4072096 (D. Neb. Aug. 14, 2014) (motion to set aside default judgment denied based on lack of compliance with Rule G(5)); *United States v. 20660 Lee Road, CA.,* 496 F. Supp. 2d 1012, 1015 (S.D. Iowa, July 17, 2007) (granting motion for default judgment where property owner failed to file a proper claim). Accordingly, the court can enter a default judgment based upon a showing of the Government's compliance with Rule G and the absence of any claim to the defendant real property. *See, e.g.*, *United States v. $179,192 in United States Currency,* Case No. 22-06131-CV-SJ-BP, ECF No. 11 (W.D. Mo. June 6, 2023).

In this case, a Complaint for Forfeiture *in Rem* was filed by the United States of America on July 16, 2025, seeking forfeiture of the defendant property pursuant to 7 U.S.C. § 2156(e). ECF No. 1.[1] On July 22, 2025, the United States Marshals Service arrested the defendant property pursuant to a Warrant for Arrest of Property issued by the Clerk of the Court on July 18, 2025. ECF No. 5. The only known potential claimants were served with the Complaint and the Notice of Complaint. ECF Nos. 3 and 4. Notice of the seizure and the requirements for filing a claim for the defendant property was also properly posted on an official government internet site (www.forfeiture.gov) for at least 30 days, beginning on July 22, 2025, and ending on August 20, 2025. A copy of the Declaration of Publication is on file with the Court. ECF No. 6.

Accordingly, pursuant to the provisions of Rule 55(b)(2) of the Federal Rules of Civil Procedure, the Court may enter a judgment of default against the defendant property, because all

---

[1] In addition to the 47 Pit-Bull type dogs identified in the Complaint, since filing the Complaint, USM-007 gave birth to one puppy (healthy), and USM-004 gave birth to five stillborn puppies. All of these offspring are also included in the Judgment.

2

potential claimants in this case have failed to make a claim or otherwise defend as provided by the Federal Rules.

WHEREFORE, for the foregoing reasons, the United States of America respectfully requests that this Court enter a default judgment of forfeiture in favor of Plaintiff and against the defendant property.  The United States also requests that this Court direct the Clerk of the Court to enter a judgment incorporating the terms of the forfeiture order.  The entry of a clerk's judgment is necessary to protect the interest of the Government in ensuring the finality of the forfeiture against all potential claimants.

Respectfully submitted,

**R. MATTHEW PRICE**
United States Attorney

By: */s/ Leigh Farmakidis*
Leigh Farmakidis
Chief, Monetary Penalties Unit
Assistant United States Attorney
400 E. 9th Street, Fifth Floor
Kansas City, Missouri 64106
Telephone: (816) 426-3122
E-mail: Leigh.Farmakidis@usdoj.gov

3

**CERTIFICATE OF SERVICE**

  I hereby certify that on November 10, 2025, the foregoing motion was electronically filed with the Clerk of the Court using the CM/ECF system, and I hereby certify that I also emailed the motion and proposed order to the following:

    Vinol Wilson
    c/o Chekasha Ramsey
    che_ramsey@outlook.com

    trionce.ext@gmail.com

        */s/ Leigh Farmakidis*
        Leigh Farmakidis
        Assistant United States Attorney